# IN THE COURT OF APPEALS OF IOWA

No. 22-0596
Filed March 29, 2023

**VANCE ARCHILEE GOOD,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.

_____

        Appeal from the Iowa District Court for Pottawattamie County, Craig M. Dreismeier, Judge.


        Vance Good appeals the denial of his application for postconviction relief. **AFFIRMED.**


        Guy K. Weinstein of Roth Weinstein, LLC, Omaha, Nebraska, for appellant.

        Brenna Bird, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee State.


        Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Vance Good appeals the denial of his application for postconviction relief (PCR) concerning his conviction for murder in the first degree. He alleges ineffective assistance of his trial counsel. Because Good did not establish his counsel failed to perform an essential duty, we affirm the denial.

In October 2018, a jury found Good guilty of first-degree murder in the stabbing death of Lee Johnson. In a June 2020 decision, our court upheld his conviction on direct appeal. *See State v. Good*, No. 19-0056, 2020 WL 3264320, at *1 (Iowa Ct. App. June 17, 2020). Good promptly filed a PCR application, arguing he was prejudiced by ineffective assistance of counsel. The application was denied in April 2022 and now comes before us on appeal. Because ineffective-assistance-of-counsel claims raise constitutional issues, we review the denial of such PCR applications de novo. *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019).

"To prevail on an ineffective assistance of counsel claim, the claimant must satisfy the two-prong test by proving that his trial counsel failed to perform an essential duty and prejudice resulted." *State v. Majors*, 940 N.W.2d 372, 391 (Iowa 2020) (citation omitted) (describing the two-prong test for ineffective assistance of counsel claims set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). With regard to the first prong, we presume counsel performed competently unless proven otherwise by a preponderance of the evidence. *Id.* Our test is measured objectively against the prevailing professional norms. *Id.* To establish the prejudice required of the second prong, "the claimant must prove by a reasonable probability that, but for counsel's failure to perform an essential duty, the result of

the proceeding would have been different." *Id.* (citation omitted). This second prong requires a showing that "the probability of a different result is 'sufficient to undermine [our] confidence in the outcome' of the trial." *Id.* (citation omitted) (alteration in original). "A defendant's inability to prove either element is fatal." *Id.* (citation omitted).

Good advances two arguments in support of his ineffective-assistance-of-counsel claim: (1) that trial counsel failed to effectively convey a plea offer to drop the charge down to voluntary manslaughter, and (2) that trial counsel failed to investigate or introduce exculpatory evidence regarding his alleged sexual assault by the decedent.

Regarding the plea for manslaughter, Good concedes there was no record made affirmatively indicating that there was an offer made by the State for voluntary manslaughter. The State offered a plea deal involving second-degree murder, but Good declined this offer on the record before the district court. In depositions procured for the PCR application, Good's two trial attorneys confirmed that a manslaughter plea was never offered by the State. They indicated that their negotiations may have involved manslaughter, but that it was rejected by the prosecutor. They furthermore indicated that they believed Good understood the second-degree offer and wished to reject it because his age combined with the mandatory minimum term of incarceration would not leave him with much opportunity for a meaningful life after prison.

Other than Good's self-serving and speculative testimony, no evidence in the record reflects that a plea deal involving manslaughter was ever offered or that counsel failed to effectively communicate the plea deal that was on the table. *See*

4

*Dempsey v. State*, 860 N.W.2d 860, 869 (Iowa 2015) ("In establishing a reasonable probability a claimant would have accepted the earlier plea offer had he or she received effective assistance of counsel, a claimant must proffer more than his or her own subjective, self-serving testimony."). Accordingly, we find Good has not establish that his counsel's performance fell below the normal range of competency or prejudiced him with respect to the plea negotiations.

As for the alleged exculpatory evidence, Good acknowledges that he never disclosed the incident in question to his trial attorneys. He testified at the PCR hearing that he was embarrassed to tell anybody that Johnson performed nonconsensual oral sex on him a few hours before his death. However, he offers no reason why a reasonably competent attorney would have suspected a sexual assault. "Counsel is required to conduct a reasonable investigation or make reasonable decisions that make a particular investigation unnecessary." *Ledezma v. State*, 626 N.W.2d 134, 145 (Iowa 2001). "Thus, the duty to investigate is not unlimited . . . ." *Id.*

"The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Strickland*, 466 U.S. at 691. "Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant." *Id.* Here, Good opted not to supply the information, so he cannot fault counsel now that his strategy did not work favorably. *See Majors*, 940 N.W.2d at 392 (holding that a defendant cannot base an ineffective-assistance-of-counsel claim on a decision made by the defendant). Instead, counsel pursued the self-defense theory that Good claimed from the beginning. Counsel's performance did

not fall below our standard for competency by failing to investigate a possible defense they had no reason to suspect.

Because Good cannot establish a claim for ineffective assistance of counsel with respect to either theory submitted, we affirm the denial of his PCR application.

**AFFIRMED.**